COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:   Taylor Morrison of Texas, Inc. and Taylor Woodrow Communities-League City, Ltd. v. Jack Richard Skufca Jr. and Erin Skufca, Individually

Appellate case number: 01-20-00638-CV

Trial court case number:    19-CV-1574

Trial court:                56th District Court of Galveston County

In their Third Notice of Accelerated Appeal, Appellants appeal the trial court's October 16, 2020 order, which "orders the parties to arbitrate with Alice Oliver Parrott" and strikes certain provisions of the arbitration agreement.

A supplemental clerk's record and reporter's record have been filed. If the clerk's record is incomplete, appellant or any other party should seek to supplement the record. *See* TEX. R. APP. P. 34.5(c).

**Appellants' brief is due within 30 days of the date of this order. Appellees' brief is due within 30 days of Appellants' brief being filed.**

It is not disputed that the Federal Arbitration Act (FAA) governs the arbitration agreement involved in this case. When a matter is subject to the FAA, a party may appeal an interlocutory order "under the same circumstances that an appeal from a federal district court's order or decision would be permitted" by section 16 of the FAA. TEX. CIV. PRAC. & REM. CODE § 51.016. Section 16 of the FAA provides, for instance, that an appeal may be taken from an order "denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B). Section 16 also provides that an appeal may not be taken from an interlocutory order compelling arbitration. *Id.* § 16(b)(3).

When the challenged order could not be appealed under FAA section 16 and when requested by the appellants, courts have treated interlocutory appeals as petitions for writ of mandamus and determined that the court had original jurisdiction over the challenge. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011) ("[C]ourt of appeals' original jurisdiction [invoked] by specifically requesting that its appeal be treated as mandamus petition."); *In re Drobney*, 01-15-00435-CV, 2016 WL 4537076, *6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, orig. proceeding) (treating interlocutory appeal of order challenging trial court's denial of motion to vacate an arbitration panel's pre-hearing security and discovery orders as petition for writ of mandamus).

The parties are requested to address in their respective briefs whether this Court has jurisdiction to consider Appellants' challenge to the October 16, 2020 order.

It is so ORDERED.


Judge's signature:          Richard Hightower
                            Acting individually


Date:  December 8, 2020